IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CLETIS LOWE, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-2031 |
| | § | |
| DOUG DRETKE, | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. Petitioner is incarcerated in the Texas Department of Criminal Justice. For the reasons stated below, this Court DISMISSES the application as time barred under 28 U.S.C. § 2244(d).

Petitioner challenges a conviction for capital murder in cause number 639,329 in the 176th District Court of Harris County, Texas. The state district court sentenced Petitioner to life in prison in a judgment entered on March 26, 1993. Petitioner appealed and the Texas Court of Appeals affirmed the conviction on April 6, 1995. Petitioner did not petition for discretionary review.

Petitioner reports that he filed a state post-conviction writ application. Although

1

directed in the federal petition to provide the filing date for his application, he did not provide this information. The records of the Harris County District Clerk show that Petitioner filed his state writ application on January 18, 2005. The records of the Clerk of the Texas Court of Criminal Appeals show that the state trial court transferred the writ application to the Court of Criminal Appeals on March 31, 2005, and they denied the application on May 4, 2005. Petitioner filed this federal application on June 10, 2005.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

>subsection.

28 U.S.C. § 2244(d) (West 1996).

Petitioner's conviction became final on May 6, 1995. That date is the last day to petition for discretionary review. *See* TEX. R. APP. PROC. 68.2(a). There is no showing that subsections (B), (C), or (D) of § 2244(d)(1) apply to Petitioner's claims.

When a conviction becomes final before April 24, 1996, the prisoner has a one-year grace period until April 24, 1997, to apply for a federal writ of habeas corpus. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner filed his state writ application after the grace period expired. Therefore, the pendency of his "state habeas application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because it was not filed until *after* the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original). Petitioner filed this federal writ application on June 10, 2005, more than eight years after the grace period expired and more than ten years after the Texas Court of Appeals affirmed his conviction. Petitioner's federal application is time barred.

28 U.S.C. § 2243 authorizes the federal courts to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief. Accordingly, it is ORDERED that this action be DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that Petitioner has not made a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.). This Court finds that a certificate of appealability should not issue in this case.

SIGNED at Houston, Texas, on this 20th day of June, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge